# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 1204 | **DATE** | 3/13/2000 |
| **CASE TITLE** | IDS vs. SunAmerica | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For all of the reasons stated above, we grant [399-1] the broker-dealer defendants' motion to confirm the arbitration award. We deny [419-2] plaintiffs' post-arbitration cross-motion. We deny the motion of defendants SunAmerica Life Insurance and Anchor National Life Insurance Company for summary judgment [415-1]. Finally, we deny plaintiff's motion for an order to show cause and for sanctions [397-1,2]. Status hearing set for 4/4/00 @ 9:00am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 14 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 422 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| IDS LIFE INSURANCE COMPANY, | ) | | DOCKETED |
| | ) | | |
| Plaintiff, | ) | | MAR 1 4 2000 |
| | ) | Case No. 95 C 1204 | |
| v. | ) | | |
| | ) | Judge Wayne R. Andersen | |
| SUNAMERICA, INC., et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

| | | |
|---|---|---|
| AMERICAN EXPRESS FINANCIAL ADVISORS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 95 C 1212 |
| v. | ) ) | Consolidated Case |
| SUNAMERICA, INC., et al., | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| IDS LIFE INSURANCE COMPANY and, AMERICAN EXPRESS FINANCIAL ADVISORS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 97 C 7857 |
| v. | ) ) | Consolidated Case |
| ANCHOR NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the following motions: (1) the motion of the arbitration defendants ("broker-dealer defendants") Royal Alliance Associates, Inc. and SunAmerica Securities,

4/22

Inc. to confirm the arbitration award; (2) plaintiffs IDS Life Insurance Co. ("IDS Life") American Express Financial Advisors, Inc. ("AEFA") post-arbitration cross-motions; (3) defendants SunAmerica Life Insurance Company ("SunAmerica Life")and Anchor National Life Insurance Company's ("Anchor National") motion for summary judgment; and (4) plaintiffs' motion for an order to show cause and for sanctions against defendants. For the reasons stated below, we grant the broker-dealer defendants' motion to confirm the arbitration award. We deny plaintiffs' post-arbitration cross-motions. We deny SunAmerica Life and Anchor National Life's motion for summary judgment. Finally, we deny plaintiffs' motion for an order to show cause and for sanctions.

## BACKGROUND

This is the fifth opinion which the court has issued during this litigation and familiarity with those opinions and the facts of this case are presumed. In brief, plaintiffs have filed three substantially identical amended complaints against defendants which have been consolidated before the court. Plaintiffs allege that defendants are inducing plaintiffs' sales agents to leave plaintiffs and earn windfall profits for both the agents and defendants by switching plaintiffs' customers out of the insurance and securities products these customers hold through plaintiffs and re-selling them new insurance and securities products though defendants. Plaintiffs claim that such conduct is prohibited by the agents' contracts with plaintiffs and by state insurance laws. Plaintiffs further claim that defendants actively induce plaintiffs' agents to engage in this conduct by indemnifying the agents when sued by plaintiffs and otherwise assisting them and rewarding them for this conduct.

As a result, plaintiffs claim that defendants have wrongfully destroyed thousands of plaintiffs' long-term customer relationships, injured plaintiffs' business reputation, and misused

2

plaintiffs' confidential and trade secret information. In addition to pursuing potential claims involving these agents individually through separate actions, plaintiffs chose to bring actions seeking injunctive relief for the practices as a whole. Plaintiffs asserts these facts under several legal theories including unfair competition and tortious interference with contract, violations of Section 43 of the Lanham Act, 15 U.S.C. §1125(a), violations of the Copyright Act of 1976, 17 U.S.C. §101 et seq., misappropriation of trade secrets and intentional interference with business relationships.

The court previously has denied defendants' motion to dismiss the federal claims. 1996 WL 89004 (N.D. Ill. February 28, 1996) The court also held that plaintiffs' claims against the broker-dealer defendants were subject to arbitration, but found that those against the insurance defendants were not. Therefore, the court stayed the litigation against the broker-dealer defendants pending the outcome of the arbitration claims, but allowed the case against the insurance defendants to proceed. The court also ruled that it would proceed to hearing on plaintiffs' request for a preliminary injunction on all claims to preserve the status quo pending arbitration. 1996 WL 210122 (N.D. Ill. April 26, 1996).

On January 3, 1997, the court granted plaintiffs' request for a preliminary injunction and enjoined defendants from engaging in various acts which induced plaintiffs' agents to breach their contracts with plaintiffs, from misappropriating plaintiffs' confidential information and from engaging in certain unfair insurance practices. 958 F. Supp. 1258 (N.D. Ill. 1997). The court also dismissed one defendant, Sun America, Inc., from the lawsuit based on the court's lack of personal jurisdiction over that defendant. Id. The Seventh Circuit ultimately affirmed this decision, but ordered this court to reformulate the injunction to bar "twisting", an insurance practice which

3

plaintiffs had identified, but which the court did not address in its injunction. 136 F.3d 537 (7th Cir. 1998).

The matter proceeded to arbitration in January 1997. In the arbitration, the broker-dealer defendants (referred to as Claimants in the arbitration) requested a declaratory injunction that plaintiffs' contracts with their agents were unenforceable and that they were not liable to plaintiffs. Plaintiffs (referred to as Respondents in the arbitration) counterclaimed and asserted the same claims alleged in this lawsuit and requested permanent injunctive relief, as well as compensatory and punitive damages. On February 11, 1997, plaintiffs requested that the arbitrators adopt this court's preliminary injunction. On April 9, 1997, the arbitrators stated that they were taking no interim action on this request. On June 18, 1997, in an unpublished order, the Seventh Circuit dissolved this court's preliminary injunction because the matter was then before the arbitrators.

From February 11, 1997 until March 10, 1998, the arbitrators held hearings on this matter. The broker-dealer defendants asserted that their recruiting practices conform to the standard within the industry and are not unlawful. They contended that plaintiffs' representatives affiliated with them because they experience irreconcilable differences with plaintiffs making it impossible for them to serve their clients and not because they were unlawfully induced to do so. The broker-dealer defendants further argued that whether the agents' agreements should be enforced and any alleged tort claims resulting from the breach of those agreements could only be determined on a case-by-case basis with reference to applicable state laws and individual defenses. Plaintiffs argued the converse. They maintained that the broker-dealer defendants unlawfully induced their representatives to violate their contracts through a variety of practices, all of which they sought to enjoin, and to misappropriate their trade secrets.

4

On May 26, 1998, the arbitrators issued their award. The award in its entirety is as follows:

After considering the pleadings, the testimony and the evidence presented at the hearing, the undersigned arbitrators have decided in full and final resolution of the issues submitted for determination as follows:

The panel wished it to be noted where the Respondents are concerned, all actions of the panel, set forth below, pertain only to American Express Financial Advisors, Inc. No contentions pertaining specifically to IDS Life Insurance Company were presented to the panel.

1.  As to the claims of Claimants:

(a) The panel did not decide on the request for an expedited hearing under NASD Code of Arbitration rules, since the matter was resolved prior to the start of the hearings. Expedited procedures were not agreed to or granted.
(b) Claimants' request for a declaration that they are not liable to American Express in any respect is hereby denied.
(c) Claimants' request for a declaration that the contracts of American Express with its planners (field financial advisors) "are unenforceable and violate just and equitable principles of trade" is hereby denied.
(d) Claimants' request for damages for violation of Section 10106 of the NASD Code of Arbitration is hereby denied.
(e) All of Claimants' other requests for relief are hereby denied.

2.  As to the claims of the Respondents:

(a) Respondents' requests that the panel issue a permanent injunction against Claimants which includes substantially the relief granted by the federal court and additional relief based on evidence presented, and that the panel express concurrence with the decision and injunction of the Federal District Court, dated January 2, 1997, are hereby denied.
  (1) The panel takes no action with respect to respondents' request that the panel prohibit Claimants or their agents from reproducing or otherwise retaining Respondent's computer software obtained by agents while affiliated with Respondents. (The panel considers this claim to have been abandoned by Respondents).
  (2) (A) Respondents' request that the panel cause a copy of its award to be provided to all Claimants' agents and employee involved in recruiting for, or the transition of Respondents' agents to, affiliation with Claimants, is hereby denied.
      (B) Respondents' request that the panel order "prompt notification" of Respondents when any agent formerly affiliated with the Respondents has agreed to affiliate with Claimants, is hereby denied.

>    (C) Respondents' request for limitations on the transfer of securities licenses to the extent such licenses are through Respondent companies is hereby denied. The panel takes no action on such similar request for insurance licenses.
>
>    (b) Respondents' request for an award of compensatory damages is hereby denied.
>
>    (c) Respondents' request for punitive damages is hereby denied.
>
>    (d) All of Respondents' other request for relief are hereby denied.
>
> 3. All requests for award of attorneys' fees are hereby denied.
>
> 4. All other fees, including forum fees, are to be divided equally between the two parties and assessed accordingly.

Plaintiffs filed a motion asking this court to vacate the arbitration award based upon plaintiffs' contention that the arbitrators did not decide the claims of IDS Life. On February 22, 1999, this court vacated the arbitration award pursuant to 9 U.S.C. § 10(a)(4) so that the arbitrators could clarify whether they in fact meant their award to apply to IDS Life. We believed that the award was ambiguous with regard to its applicability to the identical claims by and against IDS Life. Therefore, we remanded the award to the arbitrators for clarification on the sole issue of whether it is applicable to IDS Life. In the meantime, defendants filed a separate action in New York state court on July 1, 1998 to confirm the arbitration award, instead of returning to this court, where the suit originally was filed and still is pending. The New York action subsequently was dismissed.

On June 23, 1999, the arbitrators issued a document entitled "The Arbitration Panel's Response to the Federal District Court's Remand for Clarification." The clarification reads as follows:

> The panel directs the attention of the court and the parties to the second paragraph of the Award dated May 26, 1998, which states in part:
>
> "No contentions pertaining specifically to IDS Life Insurance Company were presented to the panel."

6

This fact was the basis of the panel's determination, as stated in the same second paragraph, as follows:

"Where the Respondents are concerned, all actions of the panel, set forth below, pertain only to American Express Financial Advisors, Inc."

The panel gave full consideration to all issues and claims presented to it. When read in its entirety, our Award encompasses all of the parties to this action as filed: Royal Alliance Associates, Inc. and SunAmerica Securities, Inc., the Claimants, and IDS Life Insurance Company and American Express Financial Advisors, Inc., the Respondents.

There are four motions currently before the court. In their motion to confirm the arbitration award, the broker-dealer defendants have asked this court to confirm the award. In their post arbitration cross-motion, plaintiffs have asked the court to vacate the award, retry the case before the court or the arbitrators, reinstate the preliminary injunction, and strike defendants' counsel's affidavit. Defendants SunAmerica Life Insurance Company ("SunAmerica Life") and Anchor National Life Insurance Company ("Anchor") (collectively the "insurance defendants") have filed a motion for summary judgment requesting the entry of judgment in their favor on all of plaintiffs' claims against them. Finally, plaintiffs have filed a motion for sanctions against defendants' counsel for their actions in filing the New York lawsuit.

With this procedural history in mind, we turn now to the pending motions.

## DISCUSSION

I.  Post-Arbitration Cross Motions

Plaintiffs have moved to vacate the arbitration award under Section 10(a)(4) of the Federal Arbitration Award which provides for such an action if the arbitrators "so imperfectly executed [their] powers that a mutual, final, and definite award upon the subject matter submitted was not

7

made." 9 U.S.C. § 10(a)(4). It is well-settled that ambiguity in an award justifies vacation and remand for clarification. Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 279 (7th Cir. 1992). However, such a remand should be avoided if the ambiguity can be resolved from the record. Id. In addition, this court's consideration of the award should be guided by the fact that arbitrators are not required to set out specific findings in their awards, but are entitled to a general presumption that all matters submitted to them were considered and fully determined. Eljer Mfg., Inc. v. Kowin Development Corp., 14 F.3d 1250, 1254 (7th Cir.), cert. denied, 513 U.S. 1205 (1994).

Plaintiffs argue that the arbitration award is flawed in two respects. Plaintiffs first argue that the arbitrators did not rule on plaintiff IDS Life's claims. Second, plaintiffs argue that the arbitrators failed to rule on AEFA's claims and that the award is ambiguous because the arbitrators denied both sides' requests for relief.

A. The Claims of IDS Life Were Decided by the Arbitrators

In light of the arbitrators' clarification order, we believe that the arbitrators fully considered and denied the claims of IDS Life. First, it is undisputed that IDS Life presented arguments and contentions to the arbitrators for resolution. Both sides agree that IDS Life participated fully at the hearings and submitted testimony and documentary evidence in support of its claims. Moreover, in the introductory portion of the award, the arbitrators acknowledge that IDS Life did assert requests for relief.

Further evidence that the arbitrators did consider the claims of IDS Life is the fact that they use the term "Respondents" in their award and early on define "Respondents" as "IDS Life Insurance Company and American Express Financial Advisors, Inc." (emphasis added). The language of the

8

award uses the term "Respondents" to refer to both plaintiffs, and the award denies the claims of "Respondents."

Moreover, both the award and the clarification order state that the arbitration panel "gave full consideration to all issues and claims presented" to it and that the award "encompasses all parties to this action." There is no language in the clarification suggesting a retreat from the arbitrators' ruling that the award constituted a full and final resolution of all of the issues and denied all requests for relief submitted by Respondents (defined as AEFA and IDS Life). In the clarification, the arbitrators simply clarify that to understand the disputed language properly, it must be read in the context of the award in its entirety.

Given the standard of review applicable to arbitration awards, there is no justification for the court to accept plaintiffs' interpretation of the clarified award. To do so would be to ignore not only the arbitrators' response to the court's inquiry as to whether the award applies to IDS Life, but to likewise disregard the language of the award which: 1) states that IDS Life filed a Uniform Submission Agreement and presented claims to the arbitrators for disposition (award at 1); 2) sets out in detail the claims and allegations of both plaintiffs (who were Respondents in the arbitration), including allegations concerning the purported loss of thousands of insurance clients (award at 5); 3) introduces its disposition of those claims as a "full and final resolution of the issues submitted for determination" (award at 6); and 4) expressly denies each of Respondents' claims and summarily denies "[a]ll of Respondents' other requests for relief." (award at 6-7).

Based on the clarification's direct response to the court's focused inquiry, there can no longer be any doubt that the arbitrators decided all of the claims submitted to them by all of the

9

parties, including IDS Life. Thus, in light of the arbitrators' clarification that the award encompasses all parties, including IDS Life, we must confirm the award.

B. <u>AEFA's Claims Were Decided by the Arbitrators and the Award is not Ambiguous</u>

Plaintiffs' argument that the award failed to dispose of AEFA's claims is made in disregard of this court's prior conclusion that "[t]he arbitrators clearly rejected all of at least AEFA's claims for relief." (Remand order at 11,12). Plaintiffs additionally disregard the unequivocal languge of the award itself, which specifically denies each and every claim asserted by Respondents (plaintiffs) in their counterclaims, and further denied any "other requests for relief" submitted by Respondents (plaintiffs). (Award at 7, ¶ 2(d)).

Plaintiffs next argue that the award is ambiguous because the arbitrators did not fully decide the matter since both sides were denied the relief they requested. However, this argument misconceives the nature of the broker-dealer defendants' defense against plaintiffs' contentions. As we have previously stated, the arbitrators clearly rejected all of plaintiffs' claims for relief which centered on obtaining a broad and permanent injunction against the alleged illegal practices of the broker-dealer defendants. In rejecting these broad claims for relief, the arbitrators clearly found that plaintiffs had not met their burden to show that the practices, examined as a whole, were repetitively and consistently wrongful enough to warrant the broad injunctive relief that plaintiffs requested. In also rejecting the broker-dealers' equally broad request for exoneration for every instance that they retained the services of plaintiffs' agents, the arbitrators simply recognized that there may be individual cases in which plaintiffs may show wrongful conduct, but that those are left to another day and forum to decide. The broker-dealers defended against plaintiffs' claims, at least in part,

10

using just such a rationale. Thus, we do not believe that the arbitration award is fatally flawed in this respect, as plaintiffs urge.

In sum, plaintiffs' motion to vacate relies solely on 9 U.S.C. §10(a)(4) and plaintiffs' contention that the arbitrators did not fully resolve all of the identical claims submitted by AEFA and IDS Life. Because we find that the arbitrators fully decided all matters before them, plaintiffs' arguments that the award should be vacated because the arbitrators did not consider IDS Life's claims and failed to decide AEFA's claims are without merit. No other ground for vacating the award exists. Accordingly, the award should be confirmed.

C. Remaining Issues

In light of our ruling that the arbitration award should be confirmed, plaintiffs' argument that the case should be retried before the court or a new panel of arbitrators is moot. We have repeatedly previously held that all of plaintiffs' claims against the arbitration defendants are arbitrable. Therefore, we deny plaintiffs' request to lift the stay of litigation of plaintiffs' claims against the arbitration defendants.

Moreover, plaintiffs' request that this court decide the claims already decided by the arbitration based on the record from the arbitration is without merit. This request is contrary to the dictates of the FAA, which narrowly defines the role of the courts following arbitration. Courts have no authority to "re-decide" claims based upon the arbitration record. In essence, plaintiffs are asking this court to reverse the arbitrators' decision–to award relief where relief was denied and to decide claims that, according to plaintiffs, the arbitrators failed to decide. As the Seventh Circuit has explained, such "back door" attempts to avoid arbitral decisions may not be condoned. Baravati v. Josephthal, Lyon & Ross, Inc., 28 F.3d 704 (7th Cir. 1994).

11

Plaintiffs once again ask this court to reinstate the injunction that the Seventh Circuit vacated. We will state once again that now that the arbitrators have had the opportunity to consider preliminary injunctive relief, this court does not have the authority to enter a preliminary injunction in connection with plaintiffs' arbitrable claims. The court rejects plaintiffs' argument that it should reinstate the preliminary injunction against the broker-dealer defendants. The Seventh Circuit dissolved that injunction on June 13, 1997 pending the arbitration proceeding. The arbitrators rejected plaintiffs' request to reinstate the preliminary injunction prior to their decision on the merits and ultimately rejected plaintiffs' request for permanent injunctive relief against the broker-dealer defendants. In light of the arbitrators' refusal on two occasions to enter interim injunctive relief, and its ultimate refusal to enter a permanent injunction, we could not find that plaintiffs have a likelihood of success on the merits of their claims for permanent injunctive relief. Thus, we will not reinstate the injunction.

Next, with regard to plaintiffs' argument that defendants' counsel's affidavit should be stricken, we deny such request as moot. We did not consider this affidavit in making our rulings and, therefore, this motion is moot.

Finally, the court denies the broker-dealer defendants' request to strike certain exhibits from plaintiffs' motions. The court notes that it did not consider these exhibits when it made its rulings and, therefore, this motion is moot.

II. <u>Insurance Defendants' Motion for Summary Judgment</u>

The insurance defendants, SunAmerica Life Insurance Company and Anchor National Life Insurance Company, have filed a motion for summary judgment. This motion argues that the

arbitrators' ruling denied all of plaintiffs' claims against the broker-dealer defendants and, therefore, it collaterally estops plaintiffs from proceeding against the insurance defendants in this court.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, do not show a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. Doe v. R.R. Donnelly & Sons Co., 42 F.3d 439, 443 (7th Cir. 1994). The nonmoving party must then set forth specific facts showing a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986). In making this determination, the court must draw every reasonable inference from the record in the light most favorable to the nonmoving party and should not make credibility determinations or weigh evidence. Associated Milk Prod., Inc. v. Meadow Gold Dairies, 27 F.3d 268, 270 (7th Cir. 1994).

In this case, the insurance defendants argue that they are entitled to summary judgment under the doctrine of collateral estoppel. To preclude a party from litigating an issue on collateral estoppel grounds, the party arguing for preclusion must prove: 1) the issue sought to be precluded is the same as that involved in the prior action; 2) the issue was actually litigated; 3) the determination of the issue was essential to the final judgment; and 4) the party against whom estoppel is invoked was fully represented in the prior action. Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd., 58 F.3d 303, 307-08 (7th Cir. 1995) (party asserting collateral estoppel bears the burden of proving that each element is present).

In this case, defendants cannot meet their burden to show that the issues sought to be precluded are the same as that involved in the prior action and that the issues were actually litigated (elements 1 and 2). Prior litigation cannot form the basis for a claim of collateral estoppel if the issue in the subsequent case is not the identical and precise issue litigated in the prior proceeding. See American Nat. Bank & Trust Co. of Chicago v. Regional Transp. Authority, 125 F.3d 420, 430 (7th Cir. 1997). Defendants have not shown that the issue of the insurance defendants' liability is precisely the same as the broker-dealer defendants' liability. Only plaintiffs' claims against the broker-dealer defendants were sent to arbitration. The insurance defendants were not parties to the arbitration and the insurance defendants did not present evidence at the arbitration. Moreover, the award does not purport to address claims against them. See IDS Life Ins. Co. v. SunAmerica, Inc., 136 F.3d at 542 (7th Cir. 1998) ("plaintiffs did not agree to arbitrate any dispute they might have with SunAmerica Life, they cannot be forced to give up their judicial remedies").

Because the issue of the insurance defendants' liability is not the same as the issue of the broker-dealer defendants' liability, the broker-dealer arbitration award cannot preclude plaintiffs from litigating their claims against the insurance defendants. Defendants argue that the complaints do not properly allege any direct and independent misconduct by the insurance defendants. Defendants argue that plaintiffs are trying to establish that these defendants are somehow vicariously responsible for the conduct of the broker-dealer defendants. Plaintiffs argue that their claims against the insurance defendants arise from these defendants' own unlawful conduct. In other words, plaintiffs argue that they have independent claims against these insurance defendants which are not just derivative from the claims against the broker-dealer defendants. Plaintiffs should be given an opportunity to prove their case against the insurance defendants.

For these reasons, the insurance defendants have failed to carry their burden to show that the award issued in the arbitration between plaintiffs and the broker-dealer defendants has collateral estoppel effect on plaintiffs' claims against the insurance defendants. Defendants have not shown that the issues in the arbitration are precisely the same as those before the court. Therefore, defendants' summary judgment motion is denied.

III. Plaintiffs' Motion for Sanctions

Plaintiffs seek sanctions from defendants' counsel arising from the broker-dealer defendants' attempt to confirm, in New York state court, the arbitration award. For the following reasons, we deny plaintiffs' request for sanctions.

A party may recover a portion of its legal fees from its adversary's attorney if such attorney "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Such fees may only be recovered against the attorney, not the client. Smith International, Inc. v. Texas Commerce Bank, 844 F.2d 1193, 1197 (5th Cir. 1988). Section 1927 is penal in nature and thus must be strictly construed. Ladner v. Thornton Township, 968 F.2d 1218 (7th Cir. 1992). Accordingly, the term "vexatious" has been construed to denote either subjective or objective bad faith, without which sanctions should not be assessed. Pacific Dunlop Holdings v. Barosh, 22 F.3d 113, 120 (7th Cir. 1994).

Absent evidence of actual malice, sanctions may only be assessed against a party that has acted with "objective" bad faith. The objective component of the bad faith standard may not be satisfied by a showing of mere negligence. Instead, it requires "extremely negligent conduct, like reckless and indifferent conduct" or a "serious and studied disregard for the orderly process of justice." Pacific Dunlop Holdings, 22 F.3d at 119-20.

15

Plaintiffs have not met this heavy burden. The defendants have not vexatiously multiplied the proceedings, and plaintiffs have not demonstrated subjective or objective bad faith on the part of the defendants' counsel. Once defendants were ordered by this court to dismiss the New York litigation, they did, and they did not cause plaintiffs to incur any additional expense.

In addition to seeking sanctions against the broker-dealer defendants' counsel pursuant to section 1927, plaintiffs also seek sanctions against the broker-dealer defendants themselves, pursuant to the court's inherent powers. While there is no doubt that a district court has the inherent power to impose sanctions upon parties before it "to achieve the orderly and expeditious disposition of cases," it is equally clear that such powers should be exercised with restraint. Sanctions should only be imposed after determining, in compliance with the mandates of due process, that the requisite bad faith exists on the part of the sanctioned party. Chambers v. NASCO, Inc., 501 U.S. 32, 43(1991). A district court may only impose sanctions based upon its inherent powers if it specifically finds that the sanctioned party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Corley v. Rosewood Care Center, 142 F.3d 1041 (7th Cir. 1998). As mentioned above, plaintiffs have not presented any evidence that the broker-dealer defendants and their counsel acted in bad faith. Therefore, plaintiffs' motion for sanctions is denied.

## CONCLUSION

For all of the reasons stated above, we grant the broker-dealer defendants' motion to confirm the arbitration award. We deny plaintiffs' post-arbitration cross-motion. We deny the motion of defendants SunAmerica Life Insurance and Anchor National Life Insurance Company for summary

judgment. Finally, we deny plaintiffs' motion for an order to show cause and for sanctions.

It is so ordered.

/s/ Wayne C. Andersen
Wayne R. Andersen
United States District Court

Dated: March 13, 2000